Filed Under Seal
File Date: October 6, 2022
Case Number: 22-cr-458
Judge LaShann DeArcy Hall
Magistrate Judge Ramon E. Reyes, Jr

RCH:BW/MG
F. #2021R00629

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

JIN HUA ZHANG,
       also known as "Yulong Chen"
       and "Yun Ye,"
GREGORY ARMAND,
CHEN CHEN,
       also known as "Rodger,"
YANBIN CHEN,
       also known as "Yuanen Zheng,"
YANBING CHEN,
       also known as "Yehua Huang"
       and "Yun Ye,"
CHANGGUI HUANG,
       also known as "Junwu Chen,"
       "Feng Qin" and
       "Haozhao Xu,"
XIN JIN,
       also known as "Hui Chen,"
██████████████
JIAHUI MIAO,
LINGMING ZENG,
       also known as "Weiting Chen,"
JIN FU ZHANG and
HUA ZHOU,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
982(a)(1), 982(a)(6)(A), 982(b)(1),
1028A(a)(1), 1028A(b), 1028A(c)(5),
1344, 1349, 1543, 1956(h), 1957(a),
1960(a), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

       At all times relevant to this Indictment, unless otherwise indicated:

2

I.    The Defendants and Relevant Individuals and Entities

1.    The defendant JIN HUA ZHANG ("ZHANG"), also known as "Yulong Chen" and "Yun Ye," was a citizen of the United States and a resident of the United States.

2.    The defendant GREGORY ARMAND ("ARMAND") was a citizen of the United States and a resident of the United States.

3.    The defendant CHEN CHEN ("CHEN") was a citizen of the United States and a resident of the United States.

4.    The defendant YANBIN CHEN ("YANBIN"), also known as "Yuanen Zheng," was a citizen of China and a resident of the United States.

5.    The defendant YANBING CHEN ("YANBING"), also known as "Yehua Huang" and "Yun Ye," was a citizen of China and a resident of the United States.

6.    The defendant CHANGGUI HUANG ("HUANG"), also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," was a citizen of China and a resident of the United States.

7.    The defendant XIN JIN ("JIN"), also known as "Hui Chen," was a citizen of China and a resident of the United States.

8.    ███████████████████████████████

███████████████

9.    The defendant JIAHUI MIAO ("MIAO") was a citizen of China and a resident of the United States.

10.   The defendant LINGMING ZENG ("ZENG"), also known as "Weiting Chen," was a citizen of China and a resident of the United States.

11.    The defendant JIN FU ZHANG ("JIN FU") was a citizen of the United States and a resident of the United States.

12.    The defendant HUA ZHOU ("ZHOU") was a citizen of China and a resident of the United States.

13.    Victim 1, Victim 2, Victim 3, Victim 4, Victim 5, Victim 6, Victim 7, Victim 8, Victim 9, Victim 10, Victim 11, Victim 12 and Victim 13, individuals whose identities are known to the Grand Jury, transmitted funds to bank accounts associated with various defendants identified herein.

14.    Victim 14, an individual whose identity is known to the Grand Jury, was a citizen of China and a resident of the United States.    An identification document belonging to Victim 14 was used by defendants JIN HUA ZHANG and YANBING CHEN in furtherance of the unlawful conduct described herein.

15.    Bank 1, an entity the identity of which is known to the Grand Jury, was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").    Bank 1 was doing business in several states, including New York.

16.    Bank 2, an entity the identity of which is known to the Grand Jury, was a financial institution, the deposits of which were insured by the FDIC.    Bank 2 was doing business in several states, including New York.

17.    Bank 3, an entity the identity of which is known to the Grand Jury, was a financial institution, the deposits of which were insured by the FDIC.    Bank 3 was doing business in several states, including New York.

4

18.     Bank 4, an entity the identity of which is known to the Grand Jury, was a financial institution, the deposits of which were insured by the FDIC.   Bank 4 was doing business in several states, including New York.

19.     Cryptocurrency Exchange Platform 1, an entity the identity of which is known to the Grand Jury, was a cryptocurrency exchange platform.

20.     Messaging Application 1, an entity the identity of which is known to the Grand Jury, was a mobile telecommunications application.

21.     Messaging Application 2, an entity the identity of which is known to the Grand Jury, was a mobile telecommunications application.

22.     Online Trading Platform 1, an entity the identity of which is known to the Grand Jury, was an electronic trading platform.

II.     The Unlicensed Money Transmitting Business

23.     Title 18, United States Code, Section 1960 made it a crime to operate an unlicensed money transmitting business.   The term "unlicensed money transmitting business" was defined in Title 18, United States Code, Section 1960(b)(1)(A) to include any money transmitting business that affected interstate or foreign commerce in any manner or degree and that was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law, regardless of whether the operator knew that the operation was required to be licensed or that the operation was so punishable.

24.     The term "money transmitting" was defined in Title 18, United States Code, Section 1960(b)(2) to include transferring funds on behalf of the public by any and all

5

means including but not limited to transfers within the country or to locations abroad by wire, check, draft, facsimile or courier.

25. Pursuant to New York State Banking Law Section 650(2)(a), the operation of an unlicensed money transmitting business was punishable as a misdemeanor; pursuant to New York State Banking Law Section 650(2)(b)(1), the operation of an unlicensed money transmitting business was punishable as a felony if the business received $10,000 or more for transmission in a single transaction, $25,000 or more for transmission in a period of thirty days or less, or $250,000 or more for transmission in a period of a year or less.

26. In or about and between January 2021 and July 2022, the defendant JIN HUA ZHANG operated an unlicensed money transmitting business which provided, among other services, cash-to-cashier's checks exchanges (the "Zhang Cash-to-Cashier's Check Business"). The Zhang Cash-to-Cashier's Check Business received large quantities of cash from clients, converted the cash into cashier's checks issued by commercial banks and returned the cashier's checks to the clients. In exchange for its services, the Zhang Cash-to-Cashier's Check Business charged its customers a fee, which was calculated as a percentage of each cash transaction.

27. The defendants YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN, ▮▮▮▮▮▮▮▮, JIAHUI MIAO, LINGMING ZENG and HUA ZHOU assisted the defendant JIN HUA ZHANG in his operation of the Zhang Cash-to-Cashier's Check Business by patronizing commercial banks in New York and New Jersey and conducting the conversions of cash to cashier's checks. As payment for their services, YANBIN, YANBING, HUANG, JIN, ▮▮▮, MIAO, ZENG and ZHOU received a fee, which was generally a portion of the fee that the Zhang Cash-to-Cashier's Check Business received.

28.    The defendant CHEN CHEN assisted the defendant JIN HUA ZHANG in his operation of the Zhang Cash-to-Cashier's Check Business by providing accounting services and maintaining records of the Zhang Cash-to-Cashier's Check Business's activities.

29.    The Zhang Cash-to-Cashier's Check Business was not a licensed money transmitting business in the State of New York.

III.    The "T5" Scheme, Wire Fraud Conspiracy and Money Laundering Conspiracy

30.    In or about and between May 2021 and August 2022, the defendants JIN HUA ZHANG and JIN FU ZHANG, who are brothers, participated in an investment fraud scheme referred to, within ZHANG and JIN FU's network, as "T5" (the "T5 Wire Fraud Conspiracy").    ZHANG and JIN FU also managed a network of individuals who laundered money fraudulently obtained from victims of the T5 Wire Fraud Conspiracy (the "T5 Money Laundering Conspiracy").    Outside of the ZHANG network, the fraudulent scheme used in the T5 Wire Fraud Conspiracy is commonly referred to as "Sha Zu Pan" and the "pig butchering" scam.

31.    The victims of the T5 Wire Fraud Conspiracy (the "T5 Victims") were lured into investing following a similar pattern.    First, they were contacted on messaging applications such as Messaging Application 1 by individuals unknown to them (the "T5 Introducers") who claimed to have made money investing in various investment markets, such as cryptocurrency markets and foreign exchange markets.    The T5 Introducers convinced the T5 Victims to invest and introduced them to purported account managers (the "T5 Account Managers").    The T5 Introducers told the T5 Victims that if they wanted to conduct any transactions, they needed to contact the T5 Account Managers, who would process the transactions.    The T5 Account Managers provided the T5 Victims with instructions regarding

the bank accounts to which they should wire their investments and created profiles and investment portfolios for the T5 Victims on mobile trading platforms such as Online Trading Platform 1, among others. The bank accounts provided by the T5 Account Managers to the T5 Victims were associated with the T5 Account Managers' co-conspirators, who would launder the T5 Victims' funds upon receipt (the "T5 Money Launderers").

32. The trading profiles created by the T5 Account Managers for the T5 Victims were manipulated to appear to reflect the existence of the T5 Victims' investments. After the T5 Victims transmitted, as instructed by the T5 Account Managers, their purported investment funds to bank accounts controlled by the T5 Money Launderers, the T5 Victims' trading profiles appeared to reflect the existence of the T5 Victims' investments. In reality, the T5 Victims' funds went to the T5 Money Launderers, not to the trading platforms.

33. Initially, the purported value of the T5 Victims' investment portfolios would appear to increase, giving the T5 Victims the impression that they were profiting on their investments and convincing the T5 Victims to continue to invest. Additionally, when T5 Victims made initial requests to withdraw small amounts of their investments, the T5 Account Managers facilitated such withdrawals. However, when the T5 Victims contacted the T5 Account Managers in order to withdraw larger amounts of their funds from the trading platforms, they were met with a series of obstacles. For example, the T5 Account Managers told the T5 Victims that they had to pay transaction fees, taxes or legal fees in order to withdraw their investment funds. Over time, the T5 Account Managers and the T5 Introducers ceased communicating with and responding to the T5 Victims, who were unable to withdraw the bulk of the money they had transferred at the T5 Account Managers' direction.

34. The T5 Account Managers instructed the T5 Victims to wire their purported investment funds to, among others, bank accounts associated with companies associated with the defendants JIN HUA ZHANG, GREGORY ARMAND, YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN,                           , JIAHUI MIAO, LINGMING ZENG and HUA ZHOU.

35. The defendants JIN HUA ZHANG and JIN FU ZHANG oversaw the T5 Money Launderers and served as intermediaries between the T5 Account Managers and the T5 Money Launderers. ZHANG and JIN FU identified for the T5 Account Managers which bank accounts were available to be used to receive T5 Victims' funds and coordinated with the T5 Money Launderers associated with those accounts the receipt and subsequent transfers of the T5 Victims' funds.

36. After the T5 Money Launderers received the T5 Victims' funds, the defendants JIN HUA ZHANG, GREGORY ARMAND, YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN,                           , JIAHUI MIAO, LINGMING ZENG, HUA ZHOU and JIN FU ZHANG engaged or directed others to engage in a series of financial transactions in which they transferred the T5 Victims' funds to other banks accounts.

IV. The Passport Fraud Conspiracy

37. In or about and between December 2021 and July 2022, the defendants JIN HUA ZHANG, YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN and LINGMING ZENG, in furtherance of the operation of the Zhang Cash-to-Cashier's Check Money Transmitting Business, conspired to use forged Chinese passports to obtain cashier's checks. The forged passports were authentic Chinese passports in which the photographs of the authentic passport holders had been replaced with photographs of the unauthorized users.

V.    The Bank Fraud Conspiracy

38.    In or about and between September 2020 and May 2022, the defendants
JIN HUA ZHANG, YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN
and LINGMING ZENG, in furtherance of the operation of the T5 Money Laundering
Conspiracy, used aliases to open up accounts at Bank 1, Bank 2, Bank 3 and Bank 4, which were
used to launder T5 Victims' funds.

VI.    Aggravated Identity Theft

39.    On or about September 15, 2021, the defendant YANBING CHEN used a
New York State driver's license issued to John Doe 1 to open multiple bank accounts associated
with businesses registered to John Doe 1.    YANBING is not the same person as John Doe 1.

40.    On or about September 30, 2021, the defendant JIN HUA ZHANG, in
furtherance of the T5 Wire Fraud Conspiracy, used a New York State driver's license issued to
John Doe 1 to create an account on Cryptocurrency Exchange Platform 1.    ZHANG used the
account he created on Cryptocurrency Exchange Platform 1 to launder T5 Victims' funds.
ZHANG is not the same person as John Doe 1.

COUNT ONE<br>(Conspiracy to Commit Bank Fraud)

41.    The allegations contained in paragraphs one through 40 are realleged and
incorporated as if fully set forth in this paragraph.

42.    In or about and between September 2020 and May 2022, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," YANBIN CHEN,
also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun

Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN

JIN, also known as "Hui Chen," and LINGMING ZENG, also known as "Weiting Chen,"

together with others, did knowingly and intentionally conspire to devise a scheme and artifice to

defraud one or more financial institutions and to obtain moneys, funds, credits, assets and other

property owned by, and under the custody and control of, such financial institutions, to wit:

Bank 1, Bank 2 and Bank 3, by means of one or more materially false and fraudulent pretenses

representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS TWO THROUGH SEVEN
### (Bank Fraud)

43.     The allegations contained in paragraphs one through 40 are realleged and

incorporated as if fully set forth in this paragraph.

44.     On or about the approximate dates set forth below, within the Eastern

District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong

Chen" and "Yun Ye," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN,

also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu

Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," and LINGMING

ZENG, also known as "Weiting Chen," together with others, did knowingly and intentionally

execute a scheme and artifice to defraud one or more financial institutions, to wit: the banks

identified below, and to obtain money and funds owned by and under the custody and control of

the banks identified below, by means of one or more materially false and fraudulent pretenses,

representations and promises:

| COUNT | DATE | DEFENDANT | ALIAS USED | BANK ACCOUNT NUMBER |
|---|---|---|---|---|
| TWO | October 6, 2020 | JIN HUA ZHANG | Yulong Chen | Bank 4, Account ending -2733 |
| THREE | September 15, 2021 | YANBING CHEN | Yun Ye | Bank 1, Account ending -1382 |
| FOUR | January 15, 2022 | XIN JIN | Hui Chen | Bank 2, Account ending -3911 |
| FIVE | January 24, 2022 | CHANGGUI HUANG | Haozhao Xu | Bank 3, Account ending -5935 |
| SIX | March 10, 2022 | YANBIN CHEN | Yuanen Zheng | Bank 3, Account ending -5438 |
| SEVEN | March 14, 2022 | LINGMING ZENG | Weiting Chen | Bank 2, Account ending -0036 |

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT EIGHT
(Conspiracy to Operate an Unlicensed Money Transmitting Business)

45.     The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

46.     In or about and between January 2021 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," CHEN CHEN, also known as "Rodger," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," ▆▆▆▆▆▆▆, JIAHUI MIAO, LINGMING ZENG, also known as "Weiting Chen," and HUA ZHOU, together with others, did knowingly and willfully conspire to conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and

foreign business, to wit: the Zhang Cash-to-Cashier's Check Business, contrary to Title 18, United States Code, Section 1960(a).

47.    In furtherance of the conspiracy and to effect its objections, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," CHEN CHEN, also known as "Rodger," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," ▇▇▇▇▇▇▇▇, JIAHUI MIAO, LINGMING ZENG, also known as "Weiting Chen," and HUA ZHOU, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a)    On or about October 4, 2021, MIAO deposited $50,000 in cash at a Bank 1 branch in Cliffside Park, New Jersey.    On or about October 6, 2021, MIAO obtained two cashier's checks from a Bank 1 branch in Fort Lee, New Jersey (the "Bank 1 Fort Lee Branch") in the amounts of $30,000 and $20,000.

(b)    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

(c)    On or about January 7, 2022, ZHOU obtained two cashier's checks from a Bank 1 branch in Manhattan (the "Bank 1 Manhattan Branch"), both in the amounts of $50,000.

(d)    On or about February 2, 2022, ZENG obtained a cashier's check from the Bank 1 Manhattan Branch in the amount of $20,000.

13

   (e) On or about February 8, 2022, HUANG, using a forged Chinese passport issued under the name "Feng Qin," obtained three cashier's checks from the Bank 1 Manhattan Branch in the amounts of $70,000, $50,000 and $20,000.

   (f) On or about February 8, 2022, YANBIN obtained three cashier's checks from a Bank 1 branch in Great Neck, New York in the amounts of $50,000, $50,000 and $20,000.

   (g) In or about March 2022, ZHANG and CHEN exchanged messages on Messaging Application 2 discussing revisions that should be made to the Zhang Cash-to-Cashier's Check Business's ledgers.

   (h) On or about March 2, 2022, JIN, using a forged Chinese passport issued under the name "Hui Chen," obtained two cashier's checks from the Bank 1 Manhattan Branch in the amounts of $50,000 and $20,000.

   (i) On or about March 2, 2022, YANBING, using a forged Chinese passport issued under the name "Yehua Huang," obtained a cashier's check from the Bank 1 Manhattan Branch in the amount of $40,000.

   (j) On or about March 23, 2022, CHEN sent a message on Messaging Application 2 asking ZHANG, YANBIN, YANBING, HUANG, JIN and ZENG to send him, among other things, updates on the amount of cash they converted to cashier's checks and the amount of money in fees they retained.

   (Title 18, United States Code, Sections 371 and 3551, et seq.)

14

## COUNT NINE
(Operation of an Unlicensed Money Transmitting Business)

48.     The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

49.     In or about and between January 2021 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," CHEN CHEN, also known as "Rodger," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen,"                    , JIAHUI MIAO, LINGMING ZENG, also known as "Weiting Chen," and HUA ZHOU, together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit: a cash-to-cashier's check conversion business, which (a) operated without an appropriate money transmitting license in the State of New York, where such operation is punishable as a misdemeanor and a felony under New York State law; and (b) failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5350 and the regulations prescribed thereunder.

(Title 18, United States Code, Sections 1960(a), 2 and 3551 et seq.)

## COUNT TEN
(Conspiracy to Commit Wire Fraud)

50.     The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

51.     In or about and between May 2021 and August 2022, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," and JIN FU

ZHANG, together with others, did knowingly and intentionally conspire to devise a scheme and

artifice to defraud the T5 Victims, and to obtain money and property from them by means of one

or more materially false and fraudulent pretenses, representations and promises, and for the

purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means

of wire communication in interstate and foreign commerce writings, signs, signals, pictures and

sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT ELEVEN
### (Money Laundering Conspiracy)

52.     The allegations contained in paragraphs one through 40 are realleged and

incorporated as if fully set forth in this paragraph.

53.     In or about and between May 2021 and August 2022, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," GREGORY

ARMAND, YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known

as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng

Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen,"            , JIAHUI

MIAO, LINGMING ZENG, also known as "Weiting Chen," JIN FU ZHANG and HUA ZHOU,

together with others, did knowingly and intentionally conspire to conduct one or more financial

transactions in and affecting interstate and foreign commerce, to wit: electronic money transfers,

in and affecting interstate and foreign commerce, by, through and to one or more financial

institutions; in criminally derived property that was of a value greater than $10,000 and that was

derived from specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States

Code, Section 1343, all contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNTS TWELVE THROUGH TWENTY-FIVE
(Money Laundering)

54.     The allegations contained in paragraphs one through 40 are realleged and

incorporated as if fully set forth in this paragraph.

55.     On or about the approximate dates set forth below, within the Eastern

District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong

Chen" and "Yun Ye," GREGORY ARMAND, YANBIN CHEN, also known as "Yuanen

Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI

HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known

as "Hui Chen,"                    , JIAHUI MIAO, LINGMING ZENG, also known as

"Weiting Chen," and HUA ZHOU, together with others, did knowingly and intentionally engage

in one or more monetary transactions in and affecting interstate commerce in criminally derived

property of a value greater than $10,000, as set forth in the chart below, and that was derived

from specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code,

Section 1343:

| COUNT | DATE(S) | DEFENDANT | BANK ACCOUNT | MONETARY TRANSACTION |
|---|---|---|---|---|
| TWELVE | May 10, 2021 | JIAHUI MIAO | Bank 2, Account ending -4567 | Transferred approximately $25,000, $150,000 and $20,000, one or more of which contained at least $10,000 of Victim 1 and Victim 2 funds. |
| THIRTEEN | September 22, 2021 | GREGORY ARMAND | Bank 2, Account ending -4089 | Transferred approximately $15,000 and $10,000, one or more of which contained at least $10,000 of Victim 3 funds. |
| FOURTEEN | October 13, 2021 | YANBIN CHEN | Bank 1, Account ending -9312 | Transferred approximately $100,000, $80,000, $30,000 and $100,000, one or more of which contained at least $10,000 of Victim 4 funds. |
| FIFTEEN | October 15, 2021 | YANBING CHEN | Bank 1, Account ending -3582 | Transferred approximately $30,000, which contained at least $10,000 of Victim 5 funds. |
| SIXTEEN | October 18, 2021 | YANBIN CHEN | Bank 1, Account ending -9312 | Transferred approximately $100,000 and $10,000, one or more of which contained at least $10,000 of Victim 6 funds. |
| SEVENTEEN | October 18-19, 2021 | HUA ZHOU | Bank 1, Account ending -1437 | Transferred approximately $130,000, which contained at least $10,000 of Victim 7 funds, and withdrew $60,000, $40,000 and $10,000, one or more of which contained at least $10,000 of Victim 7 funds. |
| EIGHTEEN | October 19, 2021 | YANBING CHEN | Bank 1, Account ending -3582 | Transferred approximately $20,000, which contained at least $10,000 of Victim 5 funds. |

| COUNT | DATE(S) | DEFENDANT | BANK ACCOUNT | MONETARY TRANSACTION |
|---|---|---|---|---|
| NINETEEN | October 20, 2021 | YANBING CHEN | Bank 1, Account ending -3251 | Transferred approximately $245,000, which contained at least $10,000 of Victim 8 funds. |
| TWENTY | ███████ ████ | ████████ ██ | ██████ ████ ████ | ███████████████████ ███████████████████ ███████████████ ██████████████████ |
| TWENTY-ONE | November 29, 2021 | LINGMING ZENG | Bank 2, Account ending -3745 | Transferred approximately $25,000, which contained at least $10,000 of Victim 10 funds. |
| TWENTY-TWO | December 9, 2021 | JIN HUA ZHANG | Bank 2, Account ending -8693 | Transferred approximately $72,500, which contained at least $10,000 of Victim 11 funds. |
| TWENTY-THREE | December 15, 2021 | JIN HUA ZHANG | Bank 2, Account ending -8693 | Transferred approximately $58,000, which contained at least $10,000 of Victim 11 funds. |
| TWENTY-FOUR | April 8-11, 2022 | CHANGGUI HUANG | Bank 2, Account ending -1567 | Transferred approximately $38,000 and $132,000, one or more of which contained at least $10,000 of Victim 12 funds. |
| TWENTY-FIVE | April 14-15, 2022 | XIN JIN | Bank 2, Account ending -3911 | Transferred approximately $48,500, $76,300 and $41,000, one or more of which contained at least $10,000 of Victim 13 funds. |

(Title 18, United States Code, Sections 1957(a) and 3551 et seq.)

## COUNT TWENTY-SIX
### (Aggravated Identity Theft)

56. The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

57. On or about September 15, 2021, within the Eastern District of New York and elsewhere, the defendant YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," together with others, during and in relation to the crime charged in Count Three, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: the New York State driver's license of John Doe 1, knowing that this means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT TWENTY-SEVEN
### (Aggravated Identity Theft)

58. The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

59. On or about September 30, 2021, within the Eastern District of New York and elsewhere, the defendant JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," together with others, during and in relation to the crime charged in Count Ten, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: the New York State driver's license of John Doe 1, knowing that this means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
### (Conspiracy to Commit Passport Fraud)

60.     The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

61.     In or about and between December 2021 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," and LINGMING ZENG, also known as "Weiting Chen," together with others, did knowingly and willfully conspire to use and attempt to use false, forged, counterfeited, mutilated and altered passports and instruments purporting to be passports, contrary to Title 18, United States Code, Section 1543.

62.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," and LINGMING ZENG, also known as "Weiting Chen," together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

(a)     On or about January 20, 2022, ZHANG sent a message via Messaging Application 2 to, among others, YANBIN, YANBING, HUANG, JIN and ZENG

providing instructions regarding the use of passports to obtain cashier's checks and steps to be taken to avoid detection.

(b)     On or about January 24, 2022, JIN, using a forged Chinese passport bearing the name "Hui Chen," obtained one or more cashier's checks totaling $30,000 from a Bank 2 branch in Borough Park, New York (the "Bank 2 Borough Park Branch").

(c)     On or about February 4, 2022, YANBING, using a forged Chinese passport bearing the name "Yehua Huang," obtained one or more cashier's checks totaling $17,000 from a Bank 2 branch in Bensonhurst, New York.

(d)     On or about February 8, 2022, HUANG, using a forged Chinese passport bearing the name "Feng Qin," obtained three cashier's checks from the Bank 1 Manhattan Branch in the amounts of $70,000, $50,000 and $20,000.

(e)     On or about February 14, 2022, YANBIN, using a forged Chinese passport bearing the name "Yuanen Zheng," obtained one or more cashier's checks totaling $40,000 from the Bank 2 Borough Park Branch.

(f)     On or about March 2, 2022, JIN, using a forged Chinese passport bearing the name "Hui Chen," obtained two cashier's checks from the Bank 1 Manhattan Branch in the amounts of $50,000 and $20,000.

(g)     On or about March 2, 2022, YANBING, using a forged Chinese passport bearing the name "Yehua Huang," obtained a cashier's check from the Bank 1 Manhattan Branch in the amount of $40,000.

(h)     On or about March 10, 2022, YANBIN, using a forged Chinese passport bearing the name "Yuanen Zheng," obtained a cashier's check from a Bank 2 branch in Manhattan, in the amount of $30,000.

(i)     On or about March 14, 2022, HUANG, using a forged Chinese passport bearing the name "Junwu Chen," obtained one or more cashier's checks totaling $40,000 from the Bank 2 Borough Park Branch.

(j)     On or about April 8, 2022, ZHANG, using a forged Chinese passport bearing the name "Yulong Chen," made a $52,500 deposit at the Bank 2 Borough Park Branch.

(k)     On or about July 6, 2022, ZENG, using a forged Chinese passport bearing the name "Weiting Chen," obtained one or more cashier's checks totaling $31,000 from the Bank 2 Borough Park Branch.

(Title 18, United States Code, Sections 371 and 3551, et seq.)

COUNTS TWENTY-NINE THROUGH THIRTY-FOUR
(Passport Fraud)

63.     The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.

64.     On or about the approximate dates set forth below, within the Eastern District of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," and LINGMING ZENG, also known as "Weiting Chen," together with others, did knowingly and intentionally use and attempt to use one or more false, forged, counterfeited, mutilated and altered passports and instruments purporting to be passports, to wit: Chinese passports bearing other individuals' names, as set forth below:

| COUNT | DATE | DEFENDANT | ALIAS USED | USED IN CONNECTION WITH |
|-------|------|-----------|------------|--------------------------|
| TWENTY-NINE | January 24, 2022 | XIN JIN | Hui Chen | Cashier's check(s) obtained from the Bank 2 Borough Park Branch |
| THIRTY | February 4, 2022 | YANBING CHEN | Yehua Huang | Cashier's check(s) obtained from a Bank 2 branch in Bensonhurst, New York |
| THIRTY-ONE | February 14, 2022 | YANBIN CHEN | Yuanen Zheng | Cashier's check(s) obtained from the Bank 2 Borough Park Branch |
| THIRTY-TWO | March 14, 2022 | CHANGGUI HUANG | Junwu Chen | Cashier's check(s) obtained from the Bank 2 Borough Park Branch |
| THIRTY-THREE | April 8, 2022 | JIN HUA ZHANG | Yulong Chen | Cash deposit made at the Bank 2 Borough Park Branch |
| THIRTY-FOUR | July 6, 2022 | LINGMING ZENG | Weiting Chen | Cashier's check(s) obtained from the Bank 2 Borough Park Branch |

(Title 18, United States Code, Sections 1543 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS EIGHT AND TEN

65.     The United States hereby gives notice to the defendants charged in Counts

Eight and Ten that, upon their conviction of either such offense, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), which require any person convicted of such offenses to

forfeit any property, real or personal, constituting or derived from proceeds obtained directly or

indirectly as a result of such offenses.

66.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS NINE AND ELEVEN THROUGH TWENTY-FIVE

67.     The United States hereby gives notice to the defendants charged in Counts

Nine and Eleven through Twenty-Five that, upon their conviction of and such offenses, the

government will seek forfeiture in accordance with Title 18, United States Code, Section

982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or

personal, involved in such offenses, or any property traceable to such property.

68.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

        (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United

States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWENTY-EIGHT THROUGH THIRTY-FOUR

        69.      The United States hereby gives notice to the defendants charged in Counts

Twenty-Eight through Thirty-Four that, upon their conviction of any such offenses, the

government will seek forfeiture in accordance with Title 18, United States Code, Section

982(a)(6)(A), which requires the forfeiture of (a) any conveyance, including any vessel, vehicle

or aircraft used in the commission of such offenses; and (b) any property, real or personal that:

(i) constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly

from the commission of such offenses; and (ii) is used to facilitate, or is intended to be used to

facilitate, the commission of such offenses.

        70.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(6)(A) and 982(b)(1); Title 21,

United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By:     _____

Assistant U.S. Attorney

Case 1:22-cr-00458-LDH *SEALED*   Document 1   Filed 10/06/22   Page 27 of 27 PageID #: 27

F. #2021R00629
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," GREGORY ARMAND, CHEN CHEN, also known as "Rodger," YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," ▮▮▮▮▮, JIAHUI MIAO, LINGMING ZENG, also known as "Weiting Chen," JIN FU ZHANG and HUA ZHOU,

**Defendants.**

## INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6)(A), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1344, 1349, 1543, 1956(h), 1957(a), 1960(a), 2 and 3551 et seq; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                    *Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* _____

_____
                                    *Clerk*

*Bail, $* _____

**Benjamin Weintraub and Miranda Gonzalez, Assistant U.S. Attorneys**
*(718) 254-6519/6183*