Gregory Armand
482 Joralemon Street Apt B6
Belleville,
New Jersey (07109)

United States District Court
Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff<br><br>v.<br><br>JIN HUA ZHANG, et al, | 22-cr-458<br><br>Notice of Motion<br>Defend in error, GREGORY ARMAND'S Motion to Dismiss with Prejudice pursuant F.R.C.P. Rule 12(b)(6);<br>Certificate of Service; Proposed Order;<br><br>Time: _____<br>Room: _____<br>Date: _____<br>Judge: LaShann DeArcy Hall<br>Magistrate: Ramon E. Reyes, Jr. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, Gregory Armand hereby gives notice of the hearing on the annexed "Motion to Dismiss, at the Courthouse located at

225 Cadman Plaza E.
Brooklyn, NY 11201

Armand will present his motion, give oral testimony, evidence that supports his motion, at the hearing.

*[signature]*

Gregory Armand.
482 Joralemon Street Apt B6
Belleville,
New Jersey (07109)

Gregory Armand
482 Joralemon Street Apt B6
Belleville,
New Jersey (07109)

United States District Court
Eastern District of New York

| UNITED STATES OF AMERICA, Plaintiff | 22-cr-458 |
| --- | --- |
| v. | Notice & Motion<br>Defend in error, GREGORY ARMAND'S Motion to Dismiss with Prejudice pursuant F.R.C.P. Rule 12(b)(6);<br>Certificate of Service; Proposed Order; |
| JIN HUA ZHANG, et al, | |
| | Judge: LaShann DeArcy Hall<br>Magistrate: Ramon E. Reyes, Jr. |

Comes Now, Gregory Armand, motioning the Court to dismiss the action against GREGORY ARMAND on the following grounds, pursuant Rule 12(b)(6).

### **ELEMENTS REQUIRED FOR CONVICTION re 18 U.S.C. 1343**

(1) the defendant must have been engaged in a scheme to defraud;

(2) the scheme must have involved material misstatements or omissions;

(3) the scheme resulted, or would have resulted upon completion, in the loss of money, property, or honest services;

(4) the defendant must have used interstate wirings in furtherance of scheme to defraud; and

(5) the defendant used or caused the use of interstate wirings.

re: ¶1.2 The defendant GREGORY ARMAND("ARMAND") was a citizen of the United States and a resident of the United States.

Rebuttal(s):

Armand, is not a United States citizen, nor is he a "resident" of the "United States" pursuant the definition of "United States"

Gregory Armand is a Citizen of New Jersey;

Gregory Armand is not a "resident of the United States";

Gregory Armand is domiciled at New Jersey;

[Paragraphs 3-35 have been omitted because nothing pertaining to Gregory Armand is stated within those paragraphs.]

re: ¶1.36 "After the T5 Money Launderers received the T5 Victims' funds, the defendants JIN HUA ZHANG,GREGORY ARMAND,YANBIN CHEN,YANBING CHEN, CHANGGUI HUANG,XIN JIN, CUNZHONG LIU, JIAHUI MIAO,LINGMING ZENG,HUA ZHOU and JIN FU ZHANG engaged or directed others to engage in a series of financial transactions in which they transferred the T5 Victims' funds to other banks accounts";

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable".

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.55 On or about the approximate dates set forth below, within the Eastern District of New.York and elsewhere, the defendants JIN HUA ZHANG,also known as "Yulong Chen" and "Yun Ye," GREGORY ARMAND,YANBIN CHEN,also known as "Yuanen Zheng," YANBING CHEN,also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG,also known as "Junwu Chen,""Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," CUNZHONG LIU, JIAHUI MIAO,LINGMING ZENG,also known as "Weiting Chen," and HUA ZHOU,together with others, did knowingly and intentionally engage in one or more monetary transactions in and affecting interstate commerce in criminally derived property of a value greater than $10,000, as set forth in the chart below, and that was derived from specified unlawful activity, to wit: wire fraud, contraiy to Title 18, United States Code, Section 1343:...";

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.30 "Victims of T5 : 30. In or about and between May 2021 and August 2022,the defendants JIN HUA ZHANG and JIN FU ZHANG,who are brothers, participated in an investment fraud scheme referred to, within ZHANG and JIN FU's network, as "T5"(the "T5 Wire Fraud Conspiracy"). ZHANG and JIN FU also managed a network of individuals who laundered money fraudulently obtained from victims of the T5 Wire Fraud Conspiracy (the "T5 Money Laundering Conspiracy"). Outside ofthe ZHANG network, the fraudulent scheme used in the T5 Wire Fraud Conspiracy is commonly referred to as 'Sha Zu Pan' and the 'pig butchering' scam.";

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.31 "The victims ofthe T5 Wire Fraud Conspiracy (the "T5 Victims") were lured into investing following a similar pattern. First, they were contacted on messaging applications such as Messaging Application 1 by individuals unknown to them (the "T5 Introducers") who claimed to have made money investing in various investment markets, such as cryptocurrency markets and foreign exchange markets. The T5 Introducers convinced the T5 Victims to invest and introduced them to purported account managers (the "T5 Account Managers"). The T5 Introducers told the T5 Victims that if they wanted to conduct any transactions, they needed to contact the T5 Account Managers,

who would process the transactions. The T5 Account Managers provided the T5 Victims with instructions regarding Case 1:22-cr-00458-LDH Document 1 Filed 10/06/22 Page 6 of 27 PageID #: 67 the bank accounts to which they should wire their investments and created profiles and investment portfolios for the T5 Victims on mobile trading platforms such as Online Trading Platform 1, among others. The bank accounts provided by the T5 Account Managers to the T5 Victims were associated with the T5 Account Managers' co-conspirators, who would launder the T5 Victims' funds upon receipt(the "T5 Money Launderers").";

**Rebuttal:** 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.32 "The trading profiles created by the T5 Account Managers for the T5 Victims were manipulated to appear to reflect the existence of the T5 Victims' investments. fter the T5 Victims transmitted, as instructed by the T5 Account Managers, their purported investment funds to bank accounts controlled by the T5 Money Launderers,the T5 Victims' trading profiles appeared to reflect the existence of the T5 Victims' investments. In reality, the T5 Victims' funds went to the T5 Money Launderers, not to the trading platforms.";

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.33 "Initially, the purported value of the T5 Victims' investment portfolios would appear to increase, giving the T5 Victims the impression that they were profiting on their investments and convincing the T5 Victims to continue to invest. Additionally, when T5 Victims made initial requests to withdraw small amounts of their investments, the T5 Account Managers facilitated such withdrawals. However, when the T5 Victims contacted the T5 Account Managers in order to withdraw larger amounts of their funds from the trading platforms, they were met with a series of obstacles. For example, the T5 Account Managers told the T5 Victims that they had to pay transaction fees, taxes or legal fees in order to withdraw their investment funds. Over time, the T5 Account Managers and the T5 Introducers ceased communicating with and responding to the T5 Victims, who were unable to withdraw the bulk of the money they had transferred at the T5 Account Managers' direction.";

**Rebuttal:** 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: ¶1.34 "The T5 Account Managers instructed the T5 Victims to wire their purported investment funds to, among others, bank accounts associated with companies associated with the defendants JIN HUA ZHANG, GREGORY ARMAND, YANBIN CHEN, YANBING CHEN, CHANGGUI HUANG, XIN JIN, CUNZHONG LIU, JIAHUI MIAO, LINGMING ZENG and HUA ZHOU.";

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above.

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

                This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re:     ¶1.35   "The defendants JIN HUA ZHANG and JIN FU ZHANG oversaw the T5 Money Launderers and served as intermediaries between the T5 Account Managers and the T5 Money Launderers. ZHANG and JIN FU identified for the T5 Account Managers which bank accounts were available to be used to receive T5 Victims' funds and coordinated with the T5 Money Launderers associated with those accounts the receipt and subsequent transfers of the T5 Victims' funds.";

re:     ¶1.36   After the T5 Money Launderers received the T5 Victims' funds, the defendants JIN HUA ZHANG, GREGORY ARMAND, YANBIN CHEN, YAN BING CHEN, CHANG GUI HUANG, XIN JIN, CUNZ HONG LIU, JIAHUI MIAO, LING MING ZENG, HUA ZHOU and JIN FU ZHANG engaged or directed others to engage in a series of financial transactions in which they transferred the T5 Victims' funds to other banks accounts;

[Paragraphs 37-54 have been omitted because nothing pertaining to Gregory Armand is stated within those paragraphs.];

re::                            (Money Laundering)
re:     ¶1.54   "The allegations contained in paragraphs one through 40 are realleged and incorporated as if fully set forth in this paragraph.";

rebuttal(s):    1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

                2. This paragraph is entirely devoid of any of the 5 elements stated above;

                3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

                4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984);

                This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted.

re:     ¶1.55   "On or about the approximate dates set forth below, within the Eastern District

of New York and elsewhere, the defendants JIN HUA ZHANG, also known as "Yulong Chen" and "Yun Ye," GREGORY ARMAND, YANBIN CHEN, also known as "Yuanen Zheng," YANBING CHEN, also known as "Yehua Huang" and "Yun Ye," CHANGGUI HUANG, also known as "Junwu Chen," "Feng Qin" and "Haozhao Xu," XIN JIN, also known as "Hui Chen," CUNZHONG LIU, JIAHUI MIAO, LINGMING ZENG, also known as "Weiting Chen," and HUA ZHOU, together with others, did knowingly and intentionally engage in one or more monetary transactions in and affecting interstate commerce in criminally derived property of a value greater than $10,000, as set forth in the chart below, and that was derived from specified unlawful activity, to wit: wire fraud, contraiy to Title 18, United States Code, Section 1343.";

rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable"; This indictment is not plausible;

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984;

5. There are no "dates" and no mention how any "wire" was involved;

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

Count Thirteen

| 9/22/2021 | GREGORY ARMAND | Bank 2, Account ending -4089 | Transferred approximately $15,000 and $10,000, one or more of which contained at least $10,000 of Victim 3 funds. |

Rebuttal(s): 1. This paragraph in the indictment fails to demonstrate the who, what, where, when and how; In fact, all of these "connections" have not been connected, making this paragraph void and ambiguous;

2. This paragraph is entirely devoid of any of the 5 elements stated above;

3. This paragraph fails the test in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) • 127 S. Ct. 1955 • 167 L. Ed. 2d 929 heightened pleading standards- "Pleadings must be plausible, not merely conceivable";

4. This indictment fails in specificity, pursuant *Associated Gen. Contractors*

*of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n. 17, 103 S. Ct. 897, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." See also *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (CA7 1984;

This paragraph fails pursuant *Bell Atlantic Corp*, and *Associated*, requiring specificity, including connecting the entirely absent "who, what, where, when, and how" supra; This indictment as it applies to Armand, is fatally defective, and fails to state a claim upon which relief may be granted;

re: [Paragraphs 56-70 have been omitted because nothing pertaining to Gregory Armand is stated within those paragraphs.];

## ARGUMENT(S)

This indictment fails on every account to identify and connect the required dots as to the "who, what, where, when, and (especially) the how";

Moreover, this indictment is entirely devoid of any facts that connect Armand to any of the purported activities with the other defendants, and even though the indictment has a heading of "(Money Laundering)", the purported charge appears to be "wire fraud." This creates a fundamental ambiguity, and therefore, being void for vagueness.

Firrther, since this is a criminal action, the pleading must be stated at the required "heightened pleading" standard, and though all of the paragraphs may be "conceivable", there's not enough facts to "nudge it across the line";

## INDICTMENT DOES NOT COMPLY WITH "BEYOND REASONABLE DOUBT" STANDARD

This "indictment" must comply with "beyond reasonable doubt" standard-but does not- therefore, failing;

## INDICTMENT IS BASED ON INADEQUATE "PREPONDERANCE OF EVIDENCE" STANDARD & FAILS

This indictment was written on the civil "preponderance of evidence" standard;

Since this "indictment" was written on the "preponderance of evidence" standard, it fails because, in criminal actions, proof must be "beyond reasonable doubt." See In re Winship (1970) 397 U.S. 358:

Viz. "Held: Proof beyond a reasonable doubt, which is required by the Due Process Clause in criminal trials, is among the "essentials of due process and fair treatment" required during the adjudicatory stage when a juvenile is charged with an act that would constitute a crime if committed by an adult. Pp. 361-368";

Viz. "The government must prove beyond a reasonable doubt every element of a charged offense." In re Winship, 397 U.S. 358;

This indictment fails to comply with the "heightened pleading standard" pursuant *Bell Atlantic Corp.*, , "A complaint must allege facts with sufficient specificity to state a claim for relief that is plausible, not merely conceivable, on its face."; This INFORMATION fails

miserably as it <u>does not state or allege any facts with sufficient specificity</u> to state a claim for relief that is <u>plausible</u>; supra;

The Constitution does not dictate that any particular form of words be used in advising the jury of the government's burden of proof, so long as, "taken as a whole, the instructions correctly conve[y] the concept of reasonable doubt," <u>Holland v. United States</u>, 348 U.S. 121, 140. In invalidating a charge declaring, among other things, that a reasonable doubt "must be such . . . as would give rise to a grave uncertainty," "is an actual substantial doubt," and requires "a moral certainty";

The charge also must "informs the jury that the probabilities must be strong enough to prove guilt beyond a reasonable doubt." <u>Dunbar v. United States</u>, 156 U.S. 185, 199. P. 22;

The charge does not inform any probabilities, therefore, this indictment is not strong enough to prove "beyond a reasonable doubt";

The Prosecution has completely failed to establish all of the Five Elements required to obtain a conviction of 18 U.S.C. 1343, as enumerated herein. In fact, the entire "indictment" is entirely devoid of any element that would squarely place connect Armand to 18 U.S.C. 1343, as the indictment is entirely devoid of the "who, what, where, when and how such was performed to place Armand in the cross-hairs to establish a crime;

"Furthermore, because of the grave consequences incident to denaturalization proceedings we have held that a burden rests on the Government to prove its charges in such cases by clear, unequivocal and convincing evidence which does not leave the issue in doubt. Schneiderman v. United States, 320 U.S. 118, 158 [1943]. This burden is substantially identical with that required in criminal cases — proof beyond a reasonable doubt." <u>Klapprott v. United States</u>, 335 U.S., at 611-612.

Armand believes that Prosecution can not, under any circumstances amend said indictment given any amount of time and repetition, based on "heightened pleading standards," nor can it do so on the basis of "beyond reasonable doubt" standard;

## RELIEF

**Dismiss the Indictment with prejudice;**

**Attorney / like attorney fees;**

**Costs;**

**Any further supplemental relief;**

This 7th day of March, in the Year of Our Lord, two thousand twenty four.

By: _[signature]_
Gregory Armand.

|   |                                                                                                                                                                                                                                                                                          |
|---|----|
| 1 | Gregory Armand |
|   | 482 Joralemon Street Apt B6 |
| 2 | Belleville, |
|   | New Jersey (07109) |
| 3 | |
| 4 | |
| 5 | |
| 6 | United States District Court |
|   | Eastern District of New York |
| 7 | |

| UNITED STATES OF AMERICA, | 22-cr-458 |
| Plaintiff | |
| | Proposed Order |
| v. | re Defend in error, GREGORY ARMAND'S Motion to Dismiss with Prejudice pursuant F.R.C.P. Rule 12(b)(6); Certificate of Service; Proposed Order; |
| JIN HUA ZHANG, et al, | |
| | Judge:      LaShann DeArcy Hall |
| | Magistrate: Ramon E. Reyes, Jr. |

Gregory Armand came before this Court, gave oral testimony, evidence re his "motion to dismiss".

The Court after having reviewed Armand's "motion" oral testimony, evidence presented in this matter,

The Court hereby:

_____ Grants the "motion to dismiss" with prejudice;

_____ Denies the "motion to dismiss";

_____ Other:_____

_____

_____.

Attorney fees/like attorney fees:_____;

Costs: _____;

Further supplemental relief:_____

_____.

IT IS SO ORDERED, this ____ day of _____ in the Year _____ A.D.

_____.
Judicial Officer of the District Court

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, me, _Isabel Hernandez_ certifies that I served the United States Attorney's Office at the address identified below: |
| 3 | |
| 4 | United States Attorney's Office<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, N.Y. 11201<br>U.S. Certified Mail: _____ ; and, |
| 5 | |
| 6 | |
| 7 | United States District Court - Eastern District<br>225 Cadman Plaza E.<br>Brooklyn, NY 11201<br>U.S. Certified Mail: _____. |
| 8 | |
| 9 | |
| 10 | on this _03/07_ day of March, in the Year of Our Lord, two-thousand twenty four, by U.S. Certified Mail. |
| 11 | |
| 12 | By: _Isabel Hernandez_ |
| 13 | Address: _139 Washington Ave_ |
| 14 | City: _Belleville_ |
| 15 | State/Zip _NJ 07109_ |
| 16 | Signature of Person serving: By: _[signature]_ . |

## JURAT

State of _New Jersey_
County of _Essex_    } ss.

Subscribed and sworn to (or affirmed) before me this

_07_ day of _March_, _2024_, by
Date      Month      Year

_[signature]_
Name of Signer No. 1

[Notary Stamp: ISABEL I. HERNANDEZ / NOTARY PUBLIC OF NEW JERSEY / Commission # 50134547 / My Commission Expires 8/18/2025]

_____
Name of Signer No. 2 (if any)

_[signature]_
Signature of Notary Public

Place Notary Seal/Stamp Above

Any Other Required Information
(Residence, Expiration Date, etc.)

---

**OPTIONAL**

This section is required for notarizations performed in ~~Arizona but~~ _New Jersey_ is optional in other states.
Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _Motion to Dismiss_
Document Date: _3/7/2024_      Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2018 National Notary Association

# Copy Certification by Document Custodian

I, __Gregory Armand__, hereby declare that the attached
  (Printed name of Affiant/Document Custodian)

reproduction of the original record titled or pertaining to

__Motion to Dismiss__,
(Description or subject of document)

dated __3/7/2024__ and consisting of __11__ pages, is a true, correct and
  (Document date or "n/a")     (Number of pages)

complete copy of the original record.

__[signature]__                                Date: __3/7/24__
(Signature of Affiant/Document Custodian)

---

State of ~~Georgia~~ New Jersey

County of __Essex__

Signed and sworn to (or affirmed) before me on __3/7/2024__
                                                  (Date)

by __Gregory Armand__,
   (Printed name of individual making statement)

who is

____personally known

or

__X__ proved to me on the basis of satisfactory evidence to be the person

who appeared before me.

ISABEL I. HERNANDEZ
NOTARY PUBLIC OF NEW JERSEY
Commission # 50134547
My Commission Expires 8/18/2025

__[signature]__
(Signature of Notary Public)
Notary Public, State of ~~Georgia~~ New Jersey                Stamp/Seal

My commission expires: __8/18/2025__





PRESS FIRMLY TO SEAL · PRESS FIRMLY TO SEAL · **FLAT RATE ENVELOPE POSTAGE REQUIRED**



- Expected delivery
- Most domestic sh
- USPS Tracking®
- Limited internatio
- When used intern

*Insurance does not cov Domestic Mail Manual at
** See International Mail

**FLAT RA**
**ONE RATE** ■ **ANY**

**TRACKED**


PS0000100

---

**UNITED STATES POSTAL SERVICE** — Retail

**P** US POSTAGE PAID $9.85
Origin: 08830
04/30/24
3338260494-08

**PRIORITY MAIL®**

0 Lb 4.30 Oz
RDC 03

EXPECTED DELIVERY DAY: 05/02/24

C030

SHIP TO:
225 CADMAN PLZ E
BROOKLYN NY 11201-1832

USPS TRACKING® #

9505 5163 2657 4121 8090 25

OD: 12 1/2 x 9 1/2    USPS.COM/PICKUP

---

FROM:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 06 2024 ★
BROOKLYN OFFICE

FROM: Gregory Armand
2 Federal Sq 392
Newark, NJ 07102

TO: ATTN: The Clerk of Court
United State District Court of New York
225 Cadman Plaza East
Brooklyn, New York 11201


